FILED
March 23, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____David Trujillo_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) CARMEN GALLEGOS,<br>also known as (a.k.a.):<br>Carmen Salazar Andujo ;<br>(2) OMAR SALAZAR-ANDUJO;<br>(3) RUTH SALAZAR,<br>also known as (a.k.a): Ruth Castillo,<br><br>Defendants. | **SEALED**<br><br>EP-21-CR-01833-DCG<br><br>**S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>**CT 1:** 18 U.S.C. §§ 371 & 554—Conspiracy to Smuggle Goods from the United States<br><br>**CT 2:** 18 U.S.C. § 922(a)(1)(A) Dealing Firearms without a License<br><br>**CT 3:** 18 U.S.C. § 922(a)(1)(A) Dealing Firearms without a License<br><br>**CTS 4-5:** 18 U.S.C. § 924(a)(1)(A) Providing False Information on Records Required to be Maintained by a Federal Firearms Licensee<br><br>*Notice of Government's Demand for Forfeiture* |

GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment:

The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58. The CCL is part of the Export Administration

Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq*. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license. Exportation of firearms and ammunition to Mexico requires a license from the Department of Commerce. Defendants CARMEN GALLEGOS, a.k.a. Carmen Salazar Andujo, OMAR SALAZAR-ANDUJO, and RUTH SALAZAR, a.k.a Ruth Castillo did not have the required license or any authority to export firearms or ammunition out of the United States to Mexico during the times set forth in this indictment.

The Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is an agency of the United States government tasked with the responsibility of supervising, controlling, and licensing the sale of firearms.

A federally licensed firearms dealer is an individual or entity, who after submitting an application and undergoing an investigation by ATF, is then granted a license to sell certain firearms, and other controlled items. This federal firearms license is referred to as an FFL. Federal firearms laws require anyone who is a dealer to obtain a federal firearms license (FFL). Private persons can sell firearms without a license, provided they are not engaged in the business of selling firearms, such as the occasional sale, exchanges or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of a his/her personal collection of firearms.

A person is engaged in the business of dealing in firearms if he/she devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. Title 18 United

States Code, Section 923(g)(1)(A) required all Federal Firearms Licensees to keep accurate records of importations production, shipment, receipt, sale or other disposition of firearms at their place of business. One of the records Federal Firearms Licensees (FFLs) are required to keep is the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearm Transaction Record (Form 4473).

ATF Form 4473 requires the actual buyer of the firearm to fill out Section B, which requires the Buyer's identifying information, including their current residence address. Block 21a of ATF Form 4473 requires an individual to check a box indicating they are the "actual transferee/Buyer of the Firearm(s) listed" on the Form. Block 21a also includes the following warning "you are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you." Additionally, the Buyer's certification, documented with a signature in block "22" of the Form 4473, explicitly states that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction is a crime punishable as a felony under Federal Law. The certification goes on to state that the buyer understands that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a federal firearms license is a violation of federal law.

## COUNT ONE
(18 U.S.C. §§ 371 & 554)

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

Beginning on or about May 19, 2020, and continuing through and including on or about October 30, 2021, in the Western District of Texas, the Northern District of Texas, the District of New Mexico, and elsewhere, Defendants:

**(1) CARMEN GALLEGOS,**
a.k.a.: Carmen Salazar Andujo;
**(2) OMAR SALAZAR-ANDUJO;**
and **(3) RUTH SALAZAR,**
a.k.a: Ruth Castillo

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, in violation of Title 18, United States Code, 371, that is, they conspired to:

1. willfully and knowingly exported and send and attempt to export and send firearms from the United States, contrary to Title 15, Code of Federal Regulations, Section 774, and Title 15, Code of Federal Regulations, Section 736.2, a law and regulation of the United States, in violation of Title 18, United States Code, Section 554; and

2. knowingly and willfully receive, buy, conceal, and facilitate the transportation and concealment of firearms prior to exportation, knowing the same to be intended for exportation from the United States, contrary to Title 15, Code of Federal Regulations, Section 774, and Title 15, Code of Federal Regulations, Section 736.2, a law or regulation of the United States, in violation of Title 18, United States Code, Section 554,

all done in violation of Title 18, United States Code, Sections 371 and 554.

## OVERT ACTS

In furtherance of the conspiracy and to affect the objectives of the conspiracy, Defendants and co-conspirators, committed and caused to be committed the following overt acts in the Western District of Texas, the District of New Mexico and elsewhere:

1. On or about May 19, 2020, **OMAR SALAZAR-ANDUJO**, purchased a Remington, model 783 rifle, and a Savage, model MKII rifle from a Federal Firearms Licensee in New

Mexico with the understanding and purpose that the firearms were to be exported to Mexico.

2. On or about July 21, 2020, **RUTH SALAZAR, a.k.a. Ruth Castillo**, purchased a Taurus, model G2C handgun; a Taurus, model G2C handgun; a FN SCAR 175 rifle; and a Taurus, model G3 handgun from a Federal Firearms Licensee in Hobbs, New Mexico with the understanding and purpose that the firearms were to be exported to Mexico.

3. On or about July 30, 2020, **OMAR SALAZAR-ANDUJO**, purchased a Smith & Wesson, model M&P shield .380 caliber handgun; a Henry, model H004M rifle; a Henry rifle; a Bersa, model Thunder, .380 caliber handgun; a Ruger, model American 6.5 Creedmoor rifle; a Smith & Wesson, model M&P, .380 caliber handgun; a Walther, model CCP, .380 caliber handgun; and a Browning, model Black Label, .380 caliber handgun from a Federal Firearms Licensee in Hobbs, New Mexico with the understanding and purpose that the firearms were to be exported to Mexico.

4. On or about August 25, 2021, **OMAR SALAZAR ANDUJO**, purchased a Polish, model AK-47 rifle; a Glock, model 19X handgun; a Heritage, .22 caliber handgun; a Polish, model AK-47 rifle; and a Heritage, .22 caliber handgun from L.G.S. store in Hobbs, New Mexico with the understanding and purpose that the firearms were to be exported to Mexico.

5. On or about September 17, 2021, **CARMEN GALLEGOS, a.k.a Carmen Salazar Andujo**, purchased a Taurus, model TX22 handgun; a Walther, model PK380 handgun; a Smith & Wesson, model M&P .380 caliber handgun; and a Smith & Wesson, model M&P .380 caliber handgun from a Federal Firearms Licensee in Andrews, Texas with the understanding and purpose that the firearms were to be exported to Mexico.

6. On or about September 24, 2021, **OMAR SALAZAR-ANDUJO**, purchased a Glock, model 44, .22 caliber handgun; a Walther, model PK380, .380 caliber handgun; a Glock, Model 43X, 9mm handgun; and a Pioneer Arms Corporation, model Hellpup, 7.62 caliber rifle from a Federal Firearms Licensee in Carlsbad, New Mexico with the understanding and purpose that the firearms were to be exported to Mexico.

7. On or about October 15, 2021, **CARMEN GALLEGOS, a.k.a Carmen Salazar Andujo**, purchased a Smith & Wesson, model M&P .380 caliber handgun; a KELTEC, model CP33 handgun; and a CBC, model RS22 rifle from a Federal Firearms Licensee in Odessa, Texas with the understanding and purpose that the firearms were to be exported to Mexico.

8. On October 16, 2021, **OMAR SALAZAR-ANDUJO** instructed **CARMEN GALLEGOS, a.k.a. Carmen Salazar Andujo** via Whatsapp messages how to conceal firearms to transport them into and throughout Mexico.

9. On October 16, 2021, **CARMEN GALLEGOS, a.k.a. Carmen Salazar Andujo** informed **OMAR SALAZAR-ANDUJO** via Whatsapp messages that she had concealed the "long arm" and was in the process of concealing "the pistols". **CARMEN GALLEGOS, a.k.a. Carmen Salazar Andujo** further informed **OMAR SALAZAR-ANDUJO** via Whatsapp messages that she was going to cross through the Zaragoza Port of Entry and then proceed to Santa Clara, Chihuahua.

10. On or about October 30, 2021, **CARMEN GALLEGOS, a.k.a Carmen Salazar Andujo**, purchased a Tikka, model T3X from a Federal Firearms Licensee in Roswell, New Mexico with the understanding and purpose that the firearms were to be exported to Mexico.

**COUNT TWO**
(18 U.S.C. § 922(a)(1)(A))

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

Beginning on or about September 2, 2021, and continuing through and including October 30, 2021, within the Western District of Texas, the Northern District of Texas, the District of New Mexico, and elsewhere, Defendant,

**(1) CARMEN GALLEGOS,**
**a.k.a.: Carmen Salazar Andujo**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A), 923(a), and 924(a)(1)(D).

**COUNT THREE**
(18 U.S.C. § 922(a)(1)(A))

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

Beginning on or about May 19, 2020, and continuing through and including on or about October 5, 2021, within the Western District of Texas, the Northern District of Texas, the District of New Mexico, and elsewhere, Defendant,

**(2) OMAR SALAZAR-ANDUJO,**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT FOUR
(18 U.S.C. § 924(a)(1)(A))

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

That on or about September 17, 2021, within the Western District of Texas, the Defendant,

**(1) CARMEN GALLEGOS,**
a.k.a.: Carmen Salazar Andujo

knowingly made false statement and representations to FFL #1, an entity licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL #1 in that Defendant falsely indicated that she resided at an address in Seminole, Texas when in fact she did not, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIVE
(18 U.S.C. § 924(a)(1)(A))

The Introduction of this Indictment is hereby incorporated by reference as if fully set forth herein.

That on or about September 17, 2021, within the Western District of Texas, the Defendant,

**(1) CARMEN GALLEGOS,**
a.k.a.: Carmen Salazar Andujo

knowingly made false statement and representations to FFL #1, an entity licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of FFL # 1 in that Defendant falsely indicated that she stated she was the actual transferee/buyer of the firearm(s) when in fact she was not, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Smuggling Goods from the United States Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 371 & 554, subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Count One, the United States of America gives notice to Defendants **(1) CARMEN GALLEGOS, a.k.a.: Carmen Salazar Andujo; (2) OMAR SALAZAR-ANDUJO; (3) RUTH SALAZAR, a.k.a: Ruth Castillo** of its intent to seek the forfeiture of the properties described below upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

**Title 18 U.S.C. § 981. Civil Forfeiture**
(a)(1) The following property is subject to forfeiture to the United States:
* * *
(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Smuggling Goods from the United States in violation of 18 U.S.C. § 554 is an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7)(D).

**Title 19 U.S.C. § 1595a.  Forfeiture and other penalties**
* * *
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

### II.
### Firearm Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 922(a)(1)(A), and 924(a)(1)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal

9

**forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts Two through Six, the United States of America gives notice to Defendant **(1) CARMEN GALLEGOS, a.k.a.: Carmen Salazar Andujo** of its intent to seek the forfeiture of certain properties upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 states, in pertinent part, the following:

> **Title 18 U.S.C. § 924.**
> * * *
> **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the properties described in Paragraphs III and IV.

## III.
## Properties

1. Approximately $538.00 in United States Currency seized from Carmen Gallegos, and
2. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

## IV.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth above for which Defendants **(1) CARMEN GALLEGOS, also known as (a.k.a.): Carmen Salazar Andujo; (2) OMAR SALAZAR-ANDUJO; (3) RUTH SALAZAR, also known as (a.k.a): Ruth Castillo**, are individually liable.

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

                                                    FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF  
UNITED STATES ATTORNEY

BY: _____  
     Assistant United States Attorney

11